Statement of the Case.
MONROE, C. J.
Decedent departed this life in February, 1914, leaving an estate, a ■will a widow, and ten children, of whom five were then minors (two of them having since attained majority and one of the two having been interdicted); and within a few days of the death, upon the petition of the parties named as executors, the will was ordered to be registered and executed, their appointment was confirmed, and an inventory was directed to be taken. In February, 1919, one of the major heirs sued for a partition by licitation, praying that the property be sold “by an auctioneer appointed by the court”; the other parties in interest were cited, or waived citation, interposed no objection to the partition, and conceded the necessity of a sale of the property. A family meeting, •convened on behalf of the minors, however, recommended that certain described property be sold at private sale, and that all the rest and residue * * * be sold at public auction * * * by G. L. Deano, a duly licensed auctioneer, on terms,” etc.; and a pro-jet or form, of judgment was drafted with the approval of all the parties in interest, in conformity with that recommendation. As showing by whom the case was submitted, and the decree agreed on, in so far as the selection of the auctioneer was concerned, the pro jet read as follows:
“This cause came on this day for trial: Present: Rene A. Yiosca, attorney for plaintiff; Meyer S. Dreifus, attorney and tutor ad hoc of the minors, Deonie, Michael, and Edwina Tortorich; Alfred D. Danziger, attorney for the major defendants and for the Commercial Trust & Savings Bank, curator of the interdict, Louise Tortorich. When, after hearing the pleadings, evidence, and argument of counsel, the court considering the law and the evidence to be in favor of the plaintiff, for the reasons orally assigned, it is ordered, adjudged, and decreed. * * *
“It is further ordered * * * that, in accordance' with the recommendation of the said family meeting, the following described property be sold at public auction, after time of notices prescribed by law, by G. L. Deano, a duly licensed auctioneer. * * • on the following terms and conditions,” etc.
But, before signing the judgment, the trial judge ran his pen through the name of the auctioneer thez’ein suggested, azzd inserted another name in its stead. Thereupon the auctioneer whose name had thus been stricken out moved for a new trial, upon the ground that the action so taken was unauthorized, and the executors filed a similar motion, upon that and other grounds, which motions having been overruled, the auctioneer presented to this court the application which is now to be considered (in which the executor, the widow, and all the major heirs have joined) for the writs of certiorari and mandamus, to the end that the ruling in question may be reviewed and the judge ordered to appoint the auctioneer as agreed upon and named by the parties in interest.
The respondent judge, for cause why the application should not be granted, says (quoting in part):
“Your respondent denies that the relator was selected by all parties in interest to act as an auctioneer for the sale of movable and immovable property, but, on the contrary, avers that, in the original petition filed by the plaintiff in the suit for partition in this proceeding, the name of an auctioneer was left blank, and was to be selected by the court, in accordance with the prayer of the plaintiff in said petition. In addition thereto a tutor ad hoc was appoint *987 ed to represent the minors, and, in accordance with the well-established principle of the civil law, approved by our jurisprudence, a tutor ad hoc could not and did not consent to any appointment other than an appointment made by the court. Tour respondent further avers that a judgment was prepared * * * which was not a consent judgment, as is set forth by relator in his application, but was a judgment which was proposed to he submitted to the court, and, if it met with the views of your respondent,-was to be adopted and rendered as a final judgment of partition; that the said judgment which was submitted to your respondent * * * was not adopted wholly by your respondent, as such, but (was) altered as is set forth in said judgment, which is made a part of the return and the record in this case.
“Tour respondent further says that your respondent was acting wholly within his rights and duties as a district judge, and that relator, Guy L. Deano, has no interest in the subject-matter of this litigation, nor a party to this proceeding, other than to profit by an appointment to which he would not be legally entitled; that he is without standing as a party litigant or a party in interest; that all of the parties plaintiff and all of the parties defendant are satisfied with the selection made by your respondent, and that relator is interfering with the processes of this court and of your respondent’s court, and illegally and unjustly restraining an orderly administration of decedent’s estate, and that your respondent feels that some' immediate action should be taken by this honorable court and the rule nisi recalled, and relator’s application denied.”
Opinion.
It is evident that the respondent has fallen into error as to some of the facts, and that he has overlooked the following section of the Revised Statutes, which controls the case, to wit:
“Sec. 3397. All sales of property of succession, of property belonging to minors or in which minors are interested, of property of interdicted persons and property surrendered, and all sales made pursuant to an order or decree of any court of this state, may be' made either by the sheriff or by an auctioneer of the parish or city in which such sale is to be made, or by the representatives of the succession, the tutors of minors, by curators of interdicted persons, or by syndics of insolvents, as the case may be; and it shall be the duty of the court ordering the sale to direct that the same be made by the sheriff, or by such auctioneer as shall be selected by the parties, or by representatives of the succession, the tutors of the minors, the curators of interdicted persons, and the syndic of the insolvent, as the case may be.”
By R, S. § 2667, and Act No. 25 of 1878 and Act No. 50 of 1912, the property in which a minor is interested, in common with others, may be sold at private sale, in order to effect a partition. But whether made in that way or at auction, the sale of immovables in which a minor has an interest must be made upon the advice of a family meeting, homologated by the judge (O. C. art. 339; Act No. 50 of 1912); and, if ordered to be sold at auction, such advice, homologated by the judge, at the instance of the “special tutor and curator ad hoc,” appointed by him to represent the minor, considered in connection with the expressed wishes of the other parties in interest, is conclusive of the question of the selection of the auctioneer; it being neither the duty nor the privilege of the judge, in such case, to make the selection.
The relator herein, alleges that his pecuniary interest in that matter in this case exceeds $2,000, and we can see no reason why he should not be heard in court for its protection; and, even though the interest be of less value, the case is within the supervisory jurisdiction of the court, which he here invokes.
It is therefore ordered that the alternative writ of mandamus heretofore issued be now made peremptory, and that the respondent judge be directed to amend his judgment, here complained of, bearing date August 14, and signed August 20, 1919, by inserting therein the name, Guy L. Deano, instead of Harry Latter, as that of the auctioneer by whom the public sale therein ordered shall be made.