O’NIELL, C. J.
 

 This is a contest over the appointment of an auctioneer to sell property that has been ordered sold to effect a partition. The property is owned by three sisters, daughters of the deceased, Mrs. Henrietta Meisner Seeger. The relators in this proceeding are Guy L. Deano, an auctioneer, and two of the owners of the property, one of them being the executrix of the succession of Mrs. Henrietta Meisner Seeger. Relators allege in their petition for mandamus to compel the appointment of Deano as auctioneer that the three owners of the property agreed upon the selection of Deano, and that the judge therefore should have appointed him as auctioneer. They cite the ruling in the Succession of Tortorich, 145 La. 984, 83 So. 214.
 

 The record discloses that one of the three owners of the property objected to the .appointment of Deano as auctioneer. It is only when the selection of the auctioneer is unanimous on the part of the co-owners of the property that the court is compelled to commission him to sell the property. If the co-owners do not all agree upon the selection of an auctioneer, the judge has the authority— if in fact it is not his duty—to order the sheriff to make the sale. Rev. Stat. § 3397; Succession of Tortorich, 145 La. 984, 83 So. 214. In this case the court ordered the civil sheriff to make the sale, and, in answer to the rule which we issued, the judge says that, according to section 3397 of the Revised Statutes, he had no right to commission any auctioneer, or any one but the sheriff, to make the sale. It is not necessary to decide whether the judge might have appointed an auctioneer instead of ordering the sheriff to make the sale. It is enough to say that the judge was not compelled tot appoint the auctioneer selected by only two of the three co-owners of the property.
 

 Section 3397 of the Revised Statutes, as far as it is relevant, provides:
 

 “All sales of property of succession, * * * and all sales made pursuant to an order or decree of any court of this state, may be made either by the sheriff or by an auctioneer of the parish or city in which such sale is to be made, or by the representatives of the succession, the tutors of minqrs, by curators of interdicted persons, or by syndics of insolvents, as the case may be; and it shall be the duty of the court ordering the sale to direct that the same be made by the sheriff, or by such auctioneer as shall be selected by the parties, or by representatives of the succession, the tutors of the minors, the curators of interdicted persons, and the syndic of the insolvent, as the case may be.”
 

 It is contended in a brief filed in this court on behalf of the executrix that she had the absolute right to select the auctioneer, or to direct that the sheriff should make the sale, or to make it herself. It is argued that that construction' of section 3397 of the Revised Statutes is borne out and emphasized by the language of article 2622 of the Civil Code, viz.:
 

 “The judicial sale of succession property is ordered by the judge of the court to which this jurisdiction is specially confided.
 

 “Representatives of successions shall have the right to cause sales of the property administered by them to be made either by the sheriff or an auctioneer, or to make it themselves,, but in the event of making the sales themselves, they shall receive no commission therefor.”
 

 The second paragraph of the article quoted is a reproduction of article 1171 of the Code. It is not certain that the language' means that, when the court orders a sale of property belonging to a succession, if the representative of the succession does not prefer to make the sale himself, he has the absolute right to
 
 *293
 
 select the auctioneer or to direct that the sheriff shall make the sale. Section 3397 of the Revised Statutes is subject to that grammatical construction, but it is somewhat ambiguous. It is doubtful whether the preposition “by,” in the phrase “or by representatives of the succession, the tutors of minors, the curators of interdicted persons,” etc., refers back to 'he verb “made” in the phrase “made by the sheriff,” etc., or refers back to the verb “selected” in the phrase “selected by the parties,” etc. It is not necessary to decide that question in this proceeding, because we are informed by a supplemental answer filed by the judge, in response to the rule directing him to show cause why he should not appoint the auctioneer, Deano, to make the sale, that the executrix did not plead or claim in the Civil District Court that she had thei right, under section 3397 of the Revised Statutes, or under articles 1171 and 2622 of the Civil Code, to select the auctioneer to make the sale, or to direct that the sheriff should make it. The only contention made in the Civil District Court, in the relators’ insistence upon the appointment of Deano as the auctioneer to make the sale, was that the three co-owners of the property had agreed upon the appointment of Deano, and that, under the ruling in the Succession of Tortorich, 145 La. 984, 83 So. 214, the judge had to appoint the auctioneer selected by the co-owners of the property.
 

 Even though the executrix may have had the right to select the auctioneer to make the sale that was ordered in this case, as to which we do not express an opinion, we will not issue a mandamus to compel the judge to permit her now to exercise the right, which she did not claim in the district court. As a rule, we do not exercise our supervisory jurisdiction to the extent of deciding issues that were not submitted to the judge whom the complainant is seeking to control.
 

 The relief prayed for is denied, at relators’ cost.